Honorable Gregory Coler Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32301
Dear Secretary Coler:
This is in response to a request from your predecessor for an Attorney General's Opinion on substantially the following question:
 IS THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES RESPONSIBLE FOR PAYMENT OF THE COSTS OF COURT APPOINTED LEGAL REPRESENTATION PROVIDED AT A HEARING TO DETERMINE THE NEED FOR PROTECTIVE SERVICES FOR AN AGED PERSON OR DISABLED ADULT PURSUANT TO s. 415.105(3)(a), F.S. (1986 SUPP.)?
Initially I would suggest that, in light of the following discussion, reconsideration of this matter by the Legislature may be advisable in an effort to clearly delegate or prescribe responsibility for payment of these costs.
The "Adult Protective Services Act," ss. 415.101-415.113, F.S. (1986 Supp.), is intended "to provide for the detection and correction of abuse, neglect, and exploitation through social services and criminal investigations and to establish a program of protective services for all aged persons or disabled adults in need of them." Section 415.101(2), F.S. (1986 Supp.). The act requires the mandatory reporting of abuse, neglect, or exploitation of aged persons or disabled adults in an effort to prevent such conduct from continuing. Section 415.101(2), F.S. (1986 Supp.). And see, s. 415.103(1), F.S. (1986 Supp.), which requires mandatory reporting of such abuse by certain health care professionals, criminal justice employees or law enforcement officers and other persons; subsection (2), supra, thereof making reports of death of an aged person or disabled adult as a result of abuse, neglect, or exploitation mandatory; subsection (3), supra, requiring the Department of Health and Rehabilitative Services to establish and maintain a central abuse registry to receive written or telephonic reports of such abuse, neglect, or exploitation; and subsection (5), supra, providing immunity from civil or criminal liability for persons participating in the making of a report pursuant to the provisions of s. 415.103 or participating in a judicial proceeding resulting therefrom.
Within twenty-four hours of receipt of a report alleging abuse, neglect, or exploitation of an aged person or disabled adult, the Department of Health and Rehabilitative Services is required to begin a protective services investigation of the facts alleged in the report. Section 415.104(1), F.S. (1986 Supp.). If the department determines that an aged person or disabled adult demonstrates a need for protective services, it is required to provide or arrange for the provision of protective services with the consent of the aged person or disabled adult. Section415.105(1), F.S. (1986 Supp.). Pursuant to s. 415.105(3), when the department has reasonable cause to believe that an aged or disabled adult is in need of protective services but lacks the capacity to consent thereto, the department shall petition the court for an order authorizing the provision of such services. The petition must allege that the person is in need of protective services and that he or she lacks the capacity to consent to such services. Notice of the filing of such a petition shall be provided to the aged person or disabled adult, to his or her spouse, to legal counsel representing the person, and, where known, to the adult children or next of kin of such person. Section 415.105(3), F.S. (1986 Supp.).
As provided in s. 415.105(3)(a), F.S. (1986 Supp.), the court shall set the case for hearing within fourteen days after the petition for an order authorizing the provision of legal services is filed. The aged person or disabled adult must receive at least five days notice of any hearing held pursuant to s. 415.105, F.S. (1986 Supp.). In addition s. 415.105(3)(a), supra, states that "[t]he aged person or disabled adult shall have the right to be represented by legal counsel at any such hearing" and that "[t]he court shall appoint legal counsel to represent the aged person or disabled adult if he is without legal representation."
No provision of the "Adult Protective Services Act" specifically addresses responsibility for payment of appointed legal counsel when such counsel represents an aged person or disabled adult by court appointment pursuant to s. 415.105(3)(a), F.S. (1986 Supp.). Compare, s. 394.473, F.S., requiring that, in the case of an indigent person for whom an attorney is appointed in "Baker Act" proceedings, the attorney is entitled to a reasonable fee which is determined by the court and paid from the general fund of the county from which the patient was involuntarily detained and stating that in such a case the court may appoint a public defender to represent the indigent patient; s. 744.331(5)(c), F.S., providing that an attorney, appointed by the court to represent an alleged incompetent at a hearing for inquiry into the mental or physical condition of the incompetent person, "shall be entitled to reasonable fees to be determined by the court and paid from the general fund of the county where the alleged incompetent was domiciled at the time the petition was filed"; and s.744.464(3), F.S., regarding the restoration to mental or physical competency of a person who has been declared incompetent, which states that "[i]n case of indigency, the court may appoint an attorney to represent the incompetent. The attorney shall be entitled to a reasonable fee to be allowed by the court and paid by the governing body of the county from the general fund." And see, s. 415.1085(1), F.S. (1986 Supp.), which provides in pertinent part that if neither third-party reimbursement nor payment by the subject or his or her guardian is available to pay the costs of medical examinations performed and X rays taken pursuant to this section (regarding investigations of cases of alleged abuse or neglect of an aged person or disabled adult), then the Department of Health and Rehabilitative Services shall pay *2074 such costs from available emergency services funds.
Section 415.105, F.S., was amended by s. 31, Ch. 86-220, Laws of Florida. It appears at one point in the development of these amendments that the payment of legal fees for an indigent person was to be the responsibility of the county. See, s. 5, original SB 1005, p. 18 ("The aged person or disabled adult has the right to be present and represented by legal counsel at the hearing. The court shall appoint legal counsel to represent the aged person or disabled adult if he is without legal representation. If the person is indigent, the cost of legal representation shall be borne by the county") (e.s.); and final staff analysis, HB 1328, dated June 24, 1986, p. 11, which, in assessing the economic impact of these amendments, states that "it is difficult to estimate the fiscal impact on each county" as a result of the appointment of counsel for indigent individuals and that "[i]t is . . . not known how many of those individuals would be indigent and require the county to appoint legal counsel." However, despite this evidence that the Legislature considered imposing this burden on county governments, in the absence of any statutory language to this effect, this office cannot impose such a substantive duty or responsibility on the department or on the counties. This office has no authority to supply additional words to or modify the meaning of a duly enacted statute. Cf., Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209 (Fla. 1974); AGO's 86-32, 82-20.
While the representation provided pursuant to s. 415.105(3)(a), F.S. (1986 Supp.), is statutorily mandated, it does not appear to represent a situation in which a constitutional right to counsel exists but, rather constitutes a situation in which the right to counsel satisfies a due process right of the indigent individual. See, In the Interest of D.B. and D.S., 385 So.2d 83, 89 (Fla. 1980) ("[T]he right to counsel, as it has been presently established by the United States Supreme Court, applies only in criminal cases and flows principally from the sixth amendment right to counsel, applied to the states through the fourteenth amendment, rather than from the fourteenth amendment due process guarantee"). The Florida Supreme Court has determined, in the juvenile dependency case In the Interest of D.B. and D.S., supra, that while the government has a duty to provide legal representation when the Constitution requires appointment of counsel, when no constitutional mandate exists the judge should first utilize available legal aid services and, if such services are unavailable, private counsel should provide legal representation. When private counsel is called upon to serve under such circumstances no compensation is available and the legal services provided are considered part of the lawyer's historical professional responsibility to serve the poor. 385 So.2d at 92.
Thus, based on the foregoing, it is my opinion that the Department of Health and Rehabilitative Services is not responsible for payment of the costs of court appointed legal representation provided at a hearing to determine the need for protective services for an aged person or disabled adult pursuant to s.415.105(3)(a), F.S. (1986 Supp.).
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General